**Kenneth CHIECO, on behalf of himself and all similarly situated members of Local 1034, I.B.T., and James Leahy, Bruce Knapp, Richard Merola, Gloria Carotenuto, Joseph Chaloupka and Brian Milosky, in their capacities as the elected Officers and Executive Board Members of Local 1034, I.B.T., Plaintiffs,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Ronald Carey, in his capacity as President of the International Brotherhood of Teamsters, and Eugene Maney, in his capacity as temporary Trustee of Local 1034, I.B.T., Defendants.**

No. 97 Civ. 6391 (DNE).

United States District Court, S.D. New York.

Sept. 5, 1997.

K. Dean Hubbard, Jr., Eisner & Hubbard, P.C., New York City, NY, for plaintiffs.

Richard M. Seltzer, Cohen, Weiss and Simon, New York City, NY, for defendants.

### OPINION & ORDER

EDELSTEIN, District Judge:

*Background*

This opinion emanates from the voluntary settlement of an action commenced by the United States of America against, *inter alia,* the International Brotherhood of Teamsters ("IBT") and the IBT's General Executive Board. The settlement is embodied in the

waiting for the court to issue an adverse ruling    and then requesting reconsideration thereof.

voluntary consent order entered March 14, 1989 ("Consent Decree"). The goal of the Consent Decree is to rid the IBT of the hideous influence of organized crime through a two-phased implementation of the Consent Decree's various remedial provisions. In the first phase of the Consent Decree, these provisions provided for three court appointed officers: the Independent Administrator ("IA") to oversee the Consent Decree's provisions; the Investigations Officer to bring charges against corrupt IBT members; and the Election Officer to supervise the electoral process that led up to and included the 1991 election for the IBT International Union Office. In the second phase of the Consent Decree, the IA was replaced by a three-member Independent Review Board ("IRB").

Pursuant to the authority granted to it under the Consent Decree, the IRB conducted an investigation of Local 1034. On August 4, 1997, upon completion of the investigation, the IRE issued a Report to the IBT. The Report charged that Local 1034 had engaged in a "pattern of entering into apparently sham collective bargaining agreements in which owners and employers were allowed to be Local 1034 members with full rights of IBT membership." IRE Trusteeship Recommendation Concerning Local 1034, dated August 4, 1997 at 1. Additionally, the report contended that Local 1034 entered into collective bargaining agreements with owners of companies to provide health insurance for owners who were friends and relatives of the Officers of Local 1034. *Id.* at 1, 10, 15–16, 17.

The Report further maintained that the terms of these "sham" collective bargaining agreements were not negotiated with any employer, and that Local 1034 created a "form contract" whose "terms were not honored and not intended to be enforced." *Id.* at 1. Finally, the IRB found that Local 1034 engaged in collective bargaining agreements outside of its jurisdiction. *Id.* at 2. In conclusion, the IRB determined that the evidence detailed in the report warranted the imposition of a trusteeship over Local 1034. *Id.* at 52.

On August 18, 1997, following receipt of the IRB Report, IBT General President, Ronald Carey ("Carey"), issued a Notice to the Officers and Members of Local 1034 imposing an emergency trusteeship over Local 1034, effective August 20, 1997. Carey appointed Eugene Maney ("Maney") to serve as the temporary trustee of Local 1034. IBT Notice to the Officers and Members of Local 1034, dated August 18, 1997 at 1–2. The emergency trusteeship was effectuated on August 20, 1997.

In response to Carey's actions, Plaintiffs, on August 29, 1997, brought an order to show cause seeking a temporary restraining order to enjoin the imposition of the emergency trusteeship upon Local 1034. The Order was denied, but a preliminary injunction hearing was set for Tuesday, September 9, 1997.

On Friday, August 29, 1997, Plaintiffs filed with this Court, and caused to be served on Defendants, a letter asking this Court to issue an order expediting discovery so that Temporary Trustee Maney could be given notice for a deposition to be taken on Friday, September 5, 1997. This Court issued an Order denying the motion on procedural grounds on Wednesday, September 3, 1997.

Plaintiffs renewed their request for expedited discovery on Thursday, September 4, 1997, by filing the instant motion. Plaintiffs' papers petition this Court to order Defendant Maney to appear for deposition at 10:00 a.m. Monday September 8, 1997, and for the Defendants to produce various documents on that same day.

*Discussion*

Plaintiffs' papers are once again procedurally defective. Whereas Plaintiffs' papers were filed pursuant to 30(b)(1) and 34(b), their motion falls under Local Rule 6.1. Local Rule 6.1(a) states that "on all motions and exceptions under Rules 26 through 37 inclusive and Rule 45(c)(3) of the Federal Rules of Civil Procedure, (1) the notice of motion, supporting affidavits, and memoranda of law shall be served by the moving party on all other parties that have appeared in the action, (2) any opposing affidavits and answering memoranda of law shall be served within four business days after service of the moving papers, and (3) any reply affidavits and

reply memoranda of law shall be served within one business day after service of the answering papers." Local Rule 6.1(a).

Local Rule 6.1(a) plainly states that Defendants are entitled four business days to reply to Plaintiffs' motion after service. The purpose of this rule is to protect defendants and plaintiffs alike from being ambushed. Service was perfected on Defendants on Thursday, September 4, 1997. Plaintiffs' request that this Court order Maney to be deposed on Monday, September 8, 1997 thus leaves only one business day for Defendants to respond. This is clearly insufficient under Local Rule 6.1(a)

However, Local Rule 6.1(a) has an exception to this four business day rule. The exception states that the Court may order Defendants to file an answer within a shorter amount of time than required by Local Rule 6.1(a). Thus, Plaintiffs' petition the Court to grant their request "with but one day prior notice to defendants" in light of the fact that Defendants had notice six days prior to the bringing of Plaintiffs renewed motion because of the August 29, 1997 letter to this Court. Plaintiffs' Notice of Motion for Expedited Discovery at 3. Plaintiffs allege that since defendants were served with a copy of the August 29, 1997 letter six days before the instant motion was filed, the one day notice to defendants now should constitute reasonable and adequate notice.

Plaintiffs' August 29, 1997, letter, although served on counsel for Defendants, cannot be considered reasonable and adequate notice in that, as a motion, it was procedurally defective. Since Plaintiffs motion was improperly initiated and this Court did not issue an Order requiring Defendants to answer prior to the time specified by Local Rule 6.1(a), Defendants had until Friday, September 5, 1997 to respond to Plaintiffs' letter.[1]

The Court's intervening Order of September 3, 1997, denying the purported motion was a clear indication that Defendants would

not be required to produce either Maney or any of the requested documents on an expedited basis. Therefore, the August 29, 1997 letter cannot constitute reasonable and adequate notice. Without reasonable and adequate notice, this Court will not order Defendants to respond in one day.

Whereas there is no order from this Court limiting the time for Defendants to respond, the exception to Local Rule 6.1(a) cannot be invoked.[2] The motion is thus procedurally defective. Accordingly, Plaintiffs' motion for expedited discovery is denied with prejudice.

SO ORDERED.

---

**1.** Rule 6.1(a) affixes a time of four business days for the opposing party to file a response. As Monday September 1, 1997 was Labor Day, a legal holiday, it was not used in the computation of time, making Friday September 5, 1997 the day for any response by defendant.

**2.** It is worth noting that Plaintiffs could have avoided this problem altogether by requesting expedited discovery in their order to show cause application thereby giving Defendants the time required by Local Rule 6.1(a).